**Robert Nelson SPAULDING, Petitioner–Appellant,**

v.

**Terry L. STEWART, Respondent–Appellee.**

No. 00–15905.

D.C. No. CV–98–01784–PHX–RCB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 12, 2001.

Decided April 4, 2001.

Before NOONAN, MCKEOWN, and WARDLAW, Circuit Judges.

## MEMORANDUM [1]

Robert Nelson Spaulding appeals the dismissal of his petition for writ of habeas corpus as time-barred. We have jurisdiction under 28 U.S.C. § 2253 and affirm the dismissal.

In December 1994, Spaulding pleaded guilty to one count of fraudulent schemes and artifices. In March 1995, following a mitigation hearing at which six defense witnesses testified, the state trial court sentenced Spaulding to five years in prison, to run consecutively with another sentence in another case handed down the same day.

Consistently with Arizona law, in May 1995, Spaulding filed a notice of post-conviction relief, and the court appointed counsel. After reviewing the record, including all psychiatric reports, and interviewing both Spaulding's mother and his trial counsel, appointed counsel ultimately

---

**1.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

notified the state trial court that there were no arguable issues to raise.

On October 20, 1995, Spaulding filed a pro se petition for post-conviction relief claiming that his trial counsel failed to interview and seeking to obtain the testimony of two doctors who had treated Spaulding for mental illness. Spaulding sent the petition from Arizona State Prison, where he is incarcerated; the return address noted on the petition is:

Robert Nelson Spaulding # 112283

Arizona State Prison

10,000 South Wilmot Road

Tucson, Arizona 85777

Earlier pleadings filed by Spaulding note the specific unit in which he was incarcerated, viz., "Arizona State Prison—Cimarron." Subsequent pleadings note the address as "Arizona State Prison—Rincon."

The state trial court ordered the dismissal of the petition on February 27, 1996. Under Arizona R.Crim. Proc. 32.9(c), Spaulding had thirty days from the entry of this order to seek review of the dismissal. He did not meet this deadline, because, he alleges, he never received the dismissal order.

From March 22, 1996 through May 7, 1997, Spaulding filed a number of state court pleadings, attempting first to file a late response to the state's opposition to his petition and then to obtain additional time to file a petition for review, which were denied. He then appealed those denials. The appeals were rebuffed on procedural grounds.

On October 5, 1998, Spaulding filed a habeas petition under 28 U.S.C. § 2254 petition in U.S. District Court for the District of Arizona; he filed an amended petition on November 18, 1998. Spaulding alleged ineffective assistance of his trial counsel, as he had alleged in his petition for post-conviction relief. He also stated that he had not received the order dismissing the petition for post-conviction relief

and outlined his efforts to seek state court review of the dismissal. On March 20, 2000, the district court dismissed Spaulding's petition as time-barred. Spaulding filed a timely notice of appeal, and the district court granted a certificate of appealability.

We review de novo the district court's decision whether to grant a § 2254 habeas petition. *Eslaminia v. White,* 136 F.3d 1234, 1236 (9th Cir.1998).

Spaulding contends that his failure to file his federal habeas petition within the one-year limitations period mandated by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) is the result of not receiving the February 27, 1996 order dismissing his petition for post-conviction relief. Spaulding argues that not receiving the dismissal order prevented him from filing a timely petition for post-conviction review, and that attempting to file responses to the dismissal (and subsequently appealing denials of those attempts) prevented him from filing a timely federal habeas petition.

The limitations period runs from the latest of four dates, including most commonly "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Spaulding's conviction became final on March 28, 1996, thirty days from the entry of the February 27, 1996 order dismissing the petition for post-conviction relief. Thus, Spaulding had one year from April 24, 1996 (the effective date of AEDPA) to file a federal petition for writ of habeas corpus. *See Calderon v. United States Dist. Court (Beeler),* 128 F.3d 1283, 1287 (9th Cir.1997), *overruled in part on other grounds, Calderon v. United States Dist. Court (Kelly),* 163 F.3d 530 (9th Cir.1998) (en banc), *cert. denied,* 526 U.S. 1060, 119 S.Ct. 1377, 143 L.Ed.2d

535 (1999). That period expired on April 23, 1997. Spaulding, however, did not file his federal petition until October 5, 1998.

Spaulding does not argue that his efforts in state court after he filed the petition for post-conviction relief were "properly filed" state court proceedings. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). Thus, to find that his petition was timely filed under AEDPA, we must find that the limitations period was equitably tolled.

■ The AEDPA limitations period may be equitably tolled only "if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *United States Dist. Court (Beeler)*, 128 F.3d at 1288. Establishing extraordinary circumstances, however, requires surmounting a "high hurdle," *id.* at 1289, and Spaulding is not able to do so here.

The crux of Spaulding's contention that these circumstances were "beyond his control" is that the dismissal order was sent to the Cimarron Unit of the prison, rather than to the Rincon Unit, where Spaulding had been transferred. If, however, Spaulding had indeed been transferred, it was incumbent upon him to notify the state court of his new address; there is no evidence in the record that Spaulding informed the state court of the transfer. Moreover, as noted above, Spaulding failed to specify on the petition itself the specific unit in which he was incarcerated. Spaulding very well may not have received the dismissal order, but he has not shown how that circumstance, in and of itself, rises to the level of extraordinary such that it made it "impossible" for him to file his federal habeas petition on time.

We therefore need not address whether Spaulding can show cause for his state procedural default and prejudice resulting from the alleged federal law violation. The district court's dismissal of Spaulding's petition for habeas corpus is

AFFIRMED.